# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTERN DISTRICT OF TEXAS
# HOUSTON DIVISION

PENG WANG, QINLIN LI, and YISI WANG,

    *Plaintiffs*,

v.

KEN PAXTON, Attorney General of Texas, in his Official Capacity, only.

    *Defendant*.

Case No.

## DECLARATION OF QINLIN LI

I, Qinlin Li, being of competent mind and over the age of 18, declare as follows:

1. I am a Chinese citizen and a resident of Austin, Texas.

2. I am one of the plaintiffs in the above-captioned civil action.

3. I am not a member of the Chinese communist party and has no affiliation with the Chinese government.

4. I am a law-abiding individual without any criminal record.

5. I recently graduated from Texas A&M University with a Master of Science degree in civil and environmental engineering.

6. I currently hold an F-1 student visa and will likely change to be H-1B work visa in around October.

7. Because neither an F-1 visa nor an H1B visa grants a right to permanent legal status, I cannot consider Texas my permanent and primary home.

8. I am working as water/wastewater treatment plant design engineer for a private company in Texas. My work helps Texas tackle the worsening problem of water shortage and

1

water quality in the state. I am passionate about my work and proud of the contributions I have made to make Texas a better living place. Because of the growing need in Texas for water infrastructure, I generally work over 50 hours per week.

9.  I now live in a rented apartment which will end on August 15. I have started looking for a new apartment to rent but because of SB 17, I am now stuck. According to this new law, it looks like that I am permitted to rent "improvements constructed on a leasehold" as long as the term is shorter than one year. This is quite confusing because I do not understand what the term "improvements constructed on a leasehold" means, and I am not sure if I am allowed to rent anything. Because of this law, I will have much fewer choices to choose from because landlords always prefer long-term leases for obvious reasons. If I manage to find a place that accepts a short-term lease, it is for sure that I will have to pay a higher rent. Because of the ambiguity, people will likely make the wrong judgment call but the consequences will be severe because the punishment is "a state jail felony". What if I have no choice but have to rent an apartment on August 15 but later on the courts decide that I am not allowed rent it at all? Will I go to jail for this? Will I get deported?

10. As a renter, I prefer a one-year or longer lease, as short-term rentals in the area are inconvenient, more expensive, and of poorer quality.

11. Even if I rent an apartment on or before August 15, I will still need to rent another apartment in around a year. At that point, it is clear that the law applies to me.

12. Because of SB 17, I believe that my search for real estate will be more costly, time-consuming, and burdensome under the new law because I am Chinese. The new law will cast a cloud of suspicion over me as a Chinese person. I am extremely anxious and distressed about my housing situation, and I think this law is essentially forcing me to leave

Texas.

13. I would ultimately like to purchase a home because property ownership is the only way to ensure that homes are well maintained. Because my career will likely require me to spend a lot of time in more than one location depending on infrastructure growing needs, I would like to consider buying a home in more than one location.

14. SB 17 prohibits me from buying a second property in the future. I wish to become a home owner based on my career needs, but I will face unfair scrutiny just because the law targets Chines people like me.

15. There is no doubt that these restrictions are burdensome and discriminatory. I have been singled out by the law simply because of where I came from, my ancestry, and my visa status. The law stigmatizes me and wrongly treats me as suspicious and a serious threat to Texas and this country solely because I am Chinese. On June 29, 2025, I spoke with my attorney Keliang "Clay" Zhu extensively about the nature of a class action and the potential advantages and disadvantages to me by bringing a class action rather than going individually. I bring this case with the understanding that I am serving as a volunteer not only to protect my own rights, but to protect the rights of all people affected by the law, which is why I agree to become a plaintiff and a representative of the class.

16. I am willing and able to fulfill my obligations as class representatives, including responding to reasonable discovery requests, with the help of my lawyers to protect the fundamental constitutional rights of the class that I represent. I discussed with my lawyer the responsibility of pursuing a class action on behalf of people covered by the law, whether because they are Chinese or because they are from one of the other three countries covered by SB 17.

17. I am familiar, and can demonstrate that familiarity, with the allegations in this lawsuit. After talking with my lawyer, I understand the concept of a class action, and the relief sought in this action.

I declare under the penalty of perjury that the forgoing is true and accurate, and that this declaration is executed at <u>Austin</u>, Texas on July 2nd, 2025.

_____<br>
Qinlin Li