# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12737

_____

YIFAN SHEN,
ZHIMING XU,
indviduals,
XINXI WANG,
YONGXIN LIU,
an individual,
MULTI-CHOICE REALTY LLC,
a Limited Liability Corporation,

　　　　　　　　　　　　　　　　　　　Plaintiffs-Appellants,

*versus*

COMMISSIONER, FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES,
SECRETARY, FLORIDA DEPARTMENT OF ECONOMIC OPPORTUNITY,
CHAIR, FLORIDA REAL ESTATE COMMISSION,
STATE ATTORNEY, 7TH JUDICIAL CIRCUIT,

| | | |
|---|---|---|
| 2 | Order of the Court | 23-12737 |

STATE ATTORNEY, 9TH JUDICIAL CIRCUIT, et al.,

                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00208-AW-MAF

_____

Before JORDAN, NEWSOM, and ABUDU, Circuit Judges.

BY THE COURT:

      Applying the standard articulated in cases like *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc), we grant in part the plaintiffs/appellants' motion for an injunction pending appeal.

      In our view, the plaintiffs/appellants have shown a substantial likelihood of success on their claim that Florida Statutes §§ 692.201–692.204 are preempted by federal law, specifically 50 U.S.C. § 4565, the Foreign Investment Risk Review Modernization Act of 2018 ("FIRRMA"), Pub. L. 115-232, 132 Stat. 2174, and 31 C.F.R. § 802.701. *See Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 419–27 (2003); *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372–88 (2000); *Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1280–88 (11th Cir. 2013).

23-12737               Order of the Court                3

As to the other preliminary injunction factors, we further conclude that the plaintiffs/appellants have satisfied them. But even where a movant has satisfied all of the requirements for a preliminary injunction, such relief is not a "matter of right," and a court retains discretion to decide whether such extraordinary equitable relief is warranted even where the movant would face irreparable harm. *See Yakus v. United States*, 321 U.S. 414, 440 (1944).

In exercising that discretion, we grant the plaintiffs/appellants' motion for an injunction pending appeal only as to Ms. Yifan Shen and Mr. Zhiming Xu. The balance of equities tips in their favor because their recent and pending transactions create the most imminent risk of irreparable harm in the absence of a stay. *See, e.g.*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22–23 (2008). *Cf. Kenner v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003) (noting that, generally, "[i]njunctive relief should be limited in scope to the extent necessary to protect the interests of the parties"). This limited equitable relief is further justified in light of the expedited nature of this appeal: oral argument has been set for only a few months away, at which point the merits panel will be better positioned to determine the issues presented on appeal.

The defendants/appellees are preliminarily enjoined from enforcing the challenged statutory provisions against Ms. Shen and Mr. Xu. The motion for a preliminary injunction is otherwise denied.

| 4 | Order of the Court | 23-12737 |

Our decision, of course, does not bind the merits panel, which will hear oral argument in April. *See* 11th Cir. R. 27-1(g).

**MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL GRANTED IN PART AND DENIED IN PART.**

23-12737               ABUDU, J., Concurring                1

ABUDU, Circuit Judge, Concurring:

While I agree with the above partial grant of the preliminary injunction, I write separately to explain why I also would have granted the preliminary injunction based on the Plaintiffs/Appellants' substantial likelihood of success on their argument that Fla. Stat. §§ 692.201–692.204 (SB 264) violate the Equal Protection Clause.

## I.  SB 264

In 2023, Florida enacted SB 264 to restrict land purchases by any "[f]oreign principal," defined as "[a]ny person who is domiciled in a foreign country of concern and is not a citizen or lawful permanent resident of the United States." *Id.* § 692.201(4)(d). The law designates China, among other countries, as a "[f]oreign country of concern." *Id.* § 692.201(3). Subject to a narrow exception, the law prohibits a "foreign principal" from "directly or indirectly own[ing] . . . any interest . . . in real property on or within 10 miles of any military installation or critical infrastructure facility" within the state. *Id.* § 692.203(1).

SB 264 specifically restricts "[a]ny person who is domiciled in the People's Republic of China and who is not a citizen or lawful permanent resident of the United States" from owning *any* interest in real property in Florida, regardless of where the property is located. *Id.* § 692.204(1)(a)(4). While the law includes a narrow exception to this rule and a grandfather clause, any Chinese domiciliary must register their properties to avoid civil penalties. *Id.* § 692.204(2)–(4). Additionally, those who violate the statute by

acquiring land face criminal prosecution for a felony, while those who sell land could face misdemeanor criminal prosecution. *Id.* § 692.204(8)–(9).

When Governor Ron DeSantis signed this bill into law, his office issued a press release, explaining that the bill was enacted to "counteract the malign influence of the Chinese Communist Party in the state of Florida," and that its passage showed that "Florida is taking action to stand against the United States' greatest geopolitical threat – the Chinese Communist Party," and that the state was "following through on [its] commitment to crack down on Communist China." *Governor Ron DeSantis Cracks Down on Communist China*, Ron DeSantis 46th Governor of Florida, News Release Archives, https://www.flgov.com/2023/05/08/governor-ron-desantis-cracks-down-on-communist-china/ (May 8, 2023). Then, after the district court denied the Plaintiffs/Appellants' initial preliminary injunction, Governor DeSantis tweeted that the Department of Justice "sided with Communist China against Florida's law prohibiting CCP-tied entities from buying land in Florida. . . . Florida will continue to fight against CCP influence in our state." Governor DeSantis (@GovRonDeSantis), X (formerly known as "Twitter") (Aug. 17, 2023, 5:57 P.M.), https://twitter.com/GovRonDeSantis/status/1692294605352415425.

## II. THE FOURTEENTH AMENDMENT & THE *TERRACE* CASES

The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of

the laws." U.S. Const. amend. XIV. The Fourteenth Amendment protects citizens and non-citizens alike, meaning both are entitled to equal protection of the laws of the states within which they reside. *Graham v. Richardson*, 403 U.S. 365, 371 (1971).

Notwithstanding the Fourteenth Amendment's protections, *one hundred years ago*, the Supreme Court held that, "each state, in the absence of any treaty provision to the contrary, has power to deny to aliens the right to own land within its borders." *Terrace v. Thompson*, 263 U.S. 197, 217 (1923); *see also Porterfield v. Webb*, 263 U.S. 225, 232–33 (1923); *Webb v. O'Brien*, 263 U.S. 313, 324–26 (1923); *Frick v. Webb*, 263 U.S. 326, 332–34 (1923) (collectively, the "*Terrace* cases"). The Court explained that state laws restricting non-citizens from purchasing and owning land were reasonably based on Congress' naturalization laws and that the "quality and allegiance of those who own, occupy and use the farm lands within [a state's] borders are matters of highest importance and affect the safety and power of the state itself." *Terrace*, 263 U.S. at 221.

Those holdings may have had support in 1923, but it is now 2024 where "state classifications based on alienage are subject to 'strict judicial scrutiny,'" *Examining Bd. of Eng'r, Architects & Surveyors v. Flores de Otero*, 426 U.S. 572, 602 (1976) (quoting *Graham*, 403 U.S. at 376), absent the governmental function exception, *Ambach v. Norwick*, 441 U.S. 68, 75 (1979). Additionally, while the Supreme Court has not outright overruled the *Terrace* cases, the Court itself has called those cases' validity into question, and its more recent precedent is incongruent with the *Terrace* cases' holdings.

For example, in *Graham,* the Supreme Court acknowledged that it had "upheld statutes that, in the absence of overriding treaties, . . . deny to aliens the right to acquire and own land," but explained that its later decision in *Takahashi v. Fish & Game Commission*, 334 U.S. 410 (1948), had "cast doubt on the continuing validity of the special public-interest doctrine in all contexts." 403 U.S. at 373–74. Later, in *Ambach*, the Court acknowledged that its decisions "regarding the permissibility of statutory classifications involving aliens have not formed an unwavering line," and noted the Court's gradual restriction of activities from which states "are free to exclude aliens." 441 U.S. at 72–73.

Not only has the Supreme Court acknowledged the continuing degradation of the *Terrace* cases, but other courts around the country have as well. *See Faruki v. Rogers*, 349 F. Supp. 723, 728–29 (D.D.C. 1972) (noting that the Supreme Court's *Graham* case "made clear" that "state laws restricting aliens' power to own land . . . was based on obsolete premises"); *Smith v. South Dakota*, 781 F. Supp. 2d 879, 884–85 (D.S.D. 2011) ("subsequent decisions by the United States Supreme Court expressly cast doubt on the [ ] validity of the special public-interest doctrine" (internal quotation marks and citation omitted)); *Fujii v. State*, 242 P.2d 617, 622–25 (Cal. 1952) (comparing the *Terrace* cases to later Supreme Court cases).

### III.    THE CURRENT CASE

Because SB 264 was enacted for the specific purpose of targeting people of Chinese descent, Plaintiffs/Appellants have shown a substantial likelihood of success on their claim that Fla. Stat.

23-12737               ABUDU, J., Concurring                5

§§ 692.201–692.204 violate the Equal Protection Clause. The statute's language, the anti-Chinese statements from Florida's public officials, and SB 264's impact establish that the law is a blanket ban against Chinese non-citizens from purchasing land within the state. This prohibition blatantly violates the Fourteenth Amendment's protection against discrimination.

The district court denied the motion for a preliminary injunction based, in large part, on the *Terrace* cases. However, as set forth above, the Supreme Court itself and courts around the country have recognized that the state-based "alien" restrictions that were once legally upheld no longer stand constitutional muster. Therefore, the Plaintiffs/Appellants' equal protection claim should be reviewed under strict scrutiny. Under such review, as even the district court acknowledged, the Plaintiffs/Appellants "easily meet their burden of showing a substantial likelihood of success on the merits." *See* CM/ECF for N.D. Fla., Case No. 4:23-cv-00208, Dkt. Entry 69 at 17.

Given that Plaintiffs/Appellants also have satisfied all the other preliminary injunction factors as to their equal protection claim, they are entitled to a preliminary injunction on that basis as well.