IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PENG WANG, QINLIN LI, and YISI WANG<br><br>*Plaintiffs*,<br><br>v.<br><br>KEN PAXTON, Attorney General Texas, in his Official Capacity, only.<br><br>*Defendant*. | CIVIL ACTION NO.4:25-cv-3103 |

**APPENDIX TO DEFENDANT'S MOTION TO DISMISS**

Appendix 1 89(R) SB 17 - Enrolled version - Bill Text ........................................................ 2

# Appendix 1
# 89(R) SB 17 - Enrolled version - Bill Text

S.B. No. 17

AN ACT
relating to the purchase or acquisition of an interest in real property by certain aliens or foreign entities; creating a criminal offense; providing a civil penalty.
       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
       SECTION 1.  (a)  The legislature finds the following as informed by the determination of the United States Director of National Intelligence in the 2025 Annual Threat Assessment of the U.S. Intelligence Community issued pursuant to Section 108B, National Security Act of 1947 (50 U.S.C. Section 3043b):
             (1)  with respect to China:
                   (A)  China's dominance in the mining and processing of critical materials is a particular threat, providing it with the ability to restrict quantities and affect global prices. Beijing has shown a willingness to restrict global access to its mineral resources;
                   (B)  China is using an aggressive whole-of-government approach, combined with state direction of the private sector, to become a global science and technology superpower. It wishes to surpass the United States and achieve further economic, political, and military gain;
                   (C)  China is accelerating its progress by using illicit means;
                   (D)  China has stolen hundreds of gigabytes of intellectual property from companies across the world, including from the United States;
                   (E)  China is heavily investing in collecting health and genetic data;
                   (F)  China poses health risks to the world;
                   (G)  Beijing will continue to expand its coercive, subversive, and malignant influence activities to weaken the United States. It seeks to suppress critical views of China within the United States; and
                   (H)  China has increased its capabilities to conduct covert influence operations and disseminate disinformation;
             (2)  with respect to Russia:
                   (A)  Russia's advanced cyber capabilities, its repeated success compromising sensitive targets for intelligence collection, and its past attempts to access United States critical infrastructure make it a persistent counterintelligence and cyber attack threat; and
                   (B)  Russia intentionally stokes political discord in the West, including by amplifying preferred Russian narratives. Russia discreetly engages Americans in these processes while hiding Russia's involvement;
             (3)  with respect to Iran:
                   (A)  Iran's growing expertise and willingness to conduct aggressive cyber operations make it a major threat to the security of the United States. Guidance from Iranian leaders has incentivized cyber actors to become more aggressive in developing capabilities to conduct cyber attacks;
                   (B)  Iran remains committed to its long standing efforts to develop surrogate networks inside the United States; and
                   (C)  Iran has previously tried to conduct lethal operations in the United States; and
             (4)  with respect to North Korea:
                   (A)  North Korea may expand its ongoing cyber

espionage operations;
                    (B)  North Korea continues to pursue military capabilities that threaten the United States and enable North Korea to undermine the United States;
                    (C)  cooperation among China, Russia, Iran, and North Korea has grown rapidly in recent years, reinforcing threats from each. Such cooperation has strengthened their abilities to harm the United States; and
                    (D)  North Korea will continue to defy international sanctions and engage in illicit activities, including stealing cryptocurrency, sending labor overseas, and trading UN-proscribed goods to resource and fund North Korea's priorities.
       (b)  The legislature finds it necessary to exercise the police power of this state as provided in this legislation.
       SECTION 2.  Section 64.001(a), Civil Practice and Remedies Code, is amended to read as follows:
       (a)  A court of competent jurisdiction may appoint a receiver:
              (1)  in an action by a vendor to vacate a fraudulent purchase of property;
              (2)  in an action by a creditor to subject any property or fund to the creditor's [his] claim;
              (3)  in an action between partners or others jointly owning or interested in any property or fund;
              (4)  in an action by a mortgagee for the foreclosure of the mortgage and sale of the mortgaged property;
              (5)  for a corporation that is insolvent, is in imminent danger of insolvency, has been dissolved, or has forfeited its corporate rights; [or]
              (6)  in an action by the attorney general under Subchapter H, Chapter 5, Property Code; or
              (7)  in any other case in which a receiver may be appointed under the rules of equity.
       SECTION 3.  Section 5.005, Property Code, is amended to read as follows:
       Sec. 5.005.  ALIENS.  Except as provided by Subchapter H, an [An] alien has the same real and personal property rights as a United States citizen.
       SECTION 4.  Chapter 5, Property Code, is amended by adding Subchapter H to read as follows:
    SUBCHAPTER H. PURCHASE OR ACQUISITION OF REAL PROPERTY BY CERTAIN
                    FOREIGN INDIVIDUALS OR ENTITIES
       Sec. 5.251.  DEFINITIONS. In this subchapter:
              (1)  "Agricultural land" means land that is located in this state and that is suitable for:
                    (A)  use in production of plants and fruits grown for human or animal consumption, or plants grown for the production of fibers, floriculture, silviculture, viticulture, horticulture, or planting seed; or
                    (B)  domestic or native farm or ranch animals kept for use or profit.
              (2)  "Company" means a sole proprietorship, organization, association, corporation, partnership, joint venture, limited partnership, limited liability partnership, or limited liability company, including a wholly owned subsidiary, majority owned subsidiary, parent company, or affiliate of those entities or business associations, that exists to make a profit.
              (3)  "Designated country" means:
                    (A)  a country identified by the United States Director of National Intelligence as a country that poses a risk to the national security of the United States in at least one of the three most recent Annual Threat Assessments of the U.S. Intelligence Community issued pursuant to Section 108B, National Security Act of 1947 (50 U.S.C. Section 3043b); or

    (B) a country designated by the governor under Section 5.254.
  (4) "Domiciled" means having established a place as an individual's true, fixed, and permanent home and principal residence to which the individual intends to return whenever absent.
  (5) "Organization" has the meaning assigned by Section 1.002, Business Organizations Code.
  (6) "Real property" includes:
    (A) agricultural land;
    (B) an improvement located on agricultural land;
    (C) commercial property;
    (D) industrial property;
    (E) groundwater;
    (F) residential property;
    (G) a mine or quarry;
    (H) a mineral in place;
    (I) standing timber; or
    (J) water rights.
  (7) "Transnational criminal organization" means two or more persons:
    (A) who are citizens of or domiciled in a designated country;
    (B) with an identifiable leadership who operate internationally; and
    (C) who continuously or regularly associate to engage in corruption, violence, or the commission of other criminal activities.
 Sec. 5.252. EXCEPTIONS: UNITED STATES CITIZENS AND LAWFUL RESIDENTS; CERTAIN ENTITIES OWNED OR CONTROLLED BY UNITED STATES CITIZENS OR LAWFUL RESIDENTS; LEASEHOLD. This subchapter does not apply to:
  (1) an individual who is a citizen or lawful permanent resident of the United States;
  (2) a company or organization that is owned by or under the control of:
    (A) one or more individuals described by Subdivision (1); and
    (B) no individual described by Section 5.253; or
  (3) a leasehold interest in land or improvements constructed on a leasehold if the duration of the interest is less than one year.
 Sec. 5.253. PROHIBITION ON PURCHASE OR ACQUISITION OF REAL PROPERTY. Notwithstanding any other law, the following may not purchase or otherwise acquire an interest in real property in this state:
  (1) a governmental entity of a designated country;
  (2) a company or organization that is:
    (A) headquartered in a designated country;
    (B) directly or indirectly held or controlled by the government of a designated country;
    (C) owned by or the majority of stock or other ownership interest of which is held or controlled by individuals described by Subdivision (4); or
    (D) designated by the governor under Section 5.254;
  (3) a company or organization that is owned by or the majority of stock or other ownership interest of which is held or controlled by a company or organization described by Subdivision (2); or
  (4) an individual who:
    (A) is domiciled in a designated country, except that an individual who is lawfully present and residing in the United States at the time the individual purchases or acquires the interest may purchase or acquire an interest in a residential

property that is intended for use as an individual's residence homestead, as defined by Section 11.13(j), Tax Code;
                    (B)  is a citizen of a designated country who is domiciled outside of the United States in a country:
                        (i)  other than a designated country; and
                        (ii)  for which the individual has not completed the naturalization process for becoming a citizen of that country;
                    (C)  is a citizen of a designated country who is unlawfully present in the United States;
                    (D)  is:
                        (i)  a citizen of a country other than the United States; and
                        (ii)  acting as an agent or on behalf of a designated country; or
                    (E)  is a member of the ruling political party or any subdivision of the ruling political party in a designated country.
        Sec. 5.254.  DESIGNATION OF COUNTRY OR ENTITY AS SUBJECT TO PROHIBITION ON PURCHASE OR ACQUISITION OF REAL PROPERTY.  (a)  The governor, after consultation with the public safety director of the Department of Public Safety, may, for purposes of Section 5.253:
            (1)  determine whether the purchase or acquisition of an interest in real property in this state by an individual or entity poses a risk to the national security of the public; and
            (2)  based on a determination made under Subdivision (1):
                (A)  designate a country or a transnational criminal organization or other entity as subject to this subchapter; or
                (B)  remove a designation made under Paragraph (A).
        (b)  The governor shall consult the Homeland Security Council established under Subchapter B, Chapter 421, Government Code, for purposes of making or removing a designation under this section.
        (c)  The designation or removal of the designation of a country or entity under this section applies only to the purchase or acquisition of an interest in real property that occurs on or after the date the governor designates or removes the designation of the country or entity.
        Sec. 5.255.  INVESTIGATION AND ENFORCEMENT BY ATTORNEY GENERAL; LAW ENFORCEMENT REFERRAL.  (a)  The attorney general shall establish procedures to examine a purchase or acquisition of an interest in real property and determine whether an investigation of a possible violation of this subchapter is warranted.
        (b)  If the attorney general determines that an investigation of a purchase or acquisition of an interest in real property is warranted under this section, the attorney general shall investigate the purchase or acquisition of an interest in real property and determine whether a violation of this subchapter occurred.
        (c)  If the attorney general determines that a violation of this subchapter occurred, the attorney general:
            (1)  may bring an in rem action against real property to enforce this subchapter in a district court in the county where all or part of the real property that is the subject of the violation is located; and
            (2)  may refer the matter to the appropriate local, state, or federal law enforcement agency.
        (d)  The attorney general shall record notice of an action brought under Subsection (c) in the real property records of each county where any part of the real property subject to the action is located.
        (e)  Except for an acquisition of a leasehold interest, a

purchase or acquisition of an interest in real property in violation of Section 5.253 is not void because of the violation, and the validity or enforceability by any person of a purchase contract for or the conveyance of an interest in the real property is not otherwise affected by the violation.

Sec. 5.256. ATTORNEY GENERAL INVESTIGATION AND DISCOVERY; SECRETARY OF STATE INTERROGATORIES AND RECORDS. (a) The attorney general may conduct discovery to investigate a potential action under Section 5.255 or in an action brought under Section 5.255, including by:

(1) petitioning for an order authorizing the taking of a deposition under Rule 202, Texas Rules of Civil Procedure; or

(2) if the attorney general has reason to believe that a person may be in possession, custody, or control of any documentary material or other evidence or may have any information relevant to an investigation of a suspected violation of Section 5.253, issuing in writing and serving on the person a civil investigative demand requiring the person to:

(A) produce any of the documentary material for inspection and copying;

(B) answer in writing any written interrogatories;

(C) give oral testimony; or

(D) provide any combination of civil investigative demands under Paragraph (A), (B), or (C).

(b) The secretary of state shall on request by the attorney general:

(1) serve interrogatories on an individual or entity as necessary to determine the ownership or control of an organization that is the subject of an action by the attorney general under Section 5.255; and

(2) provide to the attorney general all records held by the secretary relating to the ownership or control of an organization that is the subject of an action by the attorney general under Section 5.255.

Sec. 5.257. DIVESTITURE; APPOINTMENT OF RECEIVER; DISTRIBUTION OF SALE PROCEEDS. (a) If the district court finds that the real property subject to an action brought under Section 5.255 was purchased or an interest in the real property was otherwise acquired in violation of Section 5.253, the court shall:

(1) enter an order that:

(A) states the court's finding;

(B) orders the divestment of the individual's or entity's interest in the real property; and

(C) appoints a receiver to:

(i) divest the individual's or entity's interest in the real property through sale, termination of a leasehold, or other disposition of the interest; and

(ii) manage and control the real property pending the sale or other disposition of the interest in the real property; and

(2) refer the matter to the appropriate prosecuting attorney for criminal prosecution of any appropriate criminal offense in connection with the transaction.

(b) On appointment and qualification, a receiver appointed under this section has the powers and duties of a receiver under Chapter 64, Civil Practice and Remedies Code.

(c) Proceeds from the sale or other disposition of an interest in real property under an order described by Subsection (a) shall be applied first to satisfy any existing liens on the property and then to pay the reasonable costs incurred by the state in enforcing this subchapter. The remaining proceeds shall be remitted to the individual or entity that purchased or otherwise acquired the interest in violation of this subchapter.

Sec. 5.258. OFFENSE; PENALTY. (a) A person commits an

```
offense if the person:
             (1)  is an individual described by Section 5.253(4);
and
             (2)  intentionally or knowingly purchases or otherwise
acquires an interest in real property in this state in violation of
this subchapter.
       (b)  An offense under Subsection (a) is a state jail felony.
       Sec. 5.259.  CIVIL PENALTY. (a)  The attorney general may
bring an action in the name of the state against a company or entity
that violates this subchapter.
       (b)  A company or entity that a court determines in an action
brought under this section to have violated this subchapter is
liable to the state for a civil penalty equal to the greater of:
             (1)  $250,000; or
             (2)  50 percent of the market value of the interest in
real property that is the subject of the violation.
       SECTION 5.  As soon as practicable after the effective date
of this Act, the attorney general shall adopt rules for the
implementation of Subchapter H, Chapter 5, Property Code, as added
by this Act.
       SECTION 6.  The changes in law made by this Act apply only to
the purchase or acquisition of an interest in real property on or
after the effective date of this Act. The purchase or acquisition
of an interest in real property before the effective date of this
Act is governed by the law in effect immediately before the
effective date of this Act, and that law is continued in effect for
that purpose.
       SECTION 7.  It is the intent of the legislature that every
provision, section, subsection, sentence, clause, phrase, or word
in this Act, and every application of the provisions in this Act to
each person or entity, is severable from each other. If any
application of any provision in this Act to any person, group of
persons, or circumstances is found by a court to be invalid for any
reason, the remaining applications of that provision to all other
persons and circumstances shall be severed and may not be affected.
If a court finds invalid, for any reason, a prohibition under this
Act on the purchase or acquisition of an interest in real property
in this state by an individual described by Section 5.253(4),
Property Code, as added by this Act, the court shall,
notwithstanding the finding, construe this Act to prohibit the
purchase or acquisition of an interest in real property in this
state by an individual who is a citizen of a country other than the
United States and is domiciled in a designated country described by
Section 5.251(3), Property Code, as added by this Act.
       SECTION 8.  This Act takes effect September 1, 2025.
```

```
 _____                _____
    President of the Senate                        Speaker of the House
```

       I hereby certify that S.B. No. 17 passed the Senate on
March 19, 2025, by the following vote:  Yeas 24, Nays 7;
May 14, 2025, Senate refused to concur in House amendments and
requested appointment of Conference Committee; May 19, 2025, House
granted request of the Senate; May 30, 2025, Senate adopted
Conference Committee Report by the following vote:  Yeas 23,
Nays 8.

```
                                              _____
                                                  Secretary of the Senate
```

I hereby certify that S.B. No. 17 passed the House, with amendments, on May 9, 2025, by the following vote: Yeas 86, Nays 59, one present not voting; May 19, 2025, House granted request of the Senate for appointment of Conference Committee; May 29, 2025, House adopted Conference Committee Report by the following vote: Yeas 85, Nays 57, one present not voting.

```
                                    _____
                                         Chief Clerk of the House
```

Approved:

```
      _____
           Date

      _____
         Governor
```