IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENG WANG, QINLIN LI, and YISI WANG | § § | |
|     *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3103 |
| KEN PAXTON, Attorney General Texas, in his Official Capacity, only. | § § § | |
|     *Defendant*. | § | |

**DEFENDANT'S RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

Defendant, Ken Paxton, in his official capacity as Attorney General of Texas (Paxton), files this Response to Motion for Preliminary Injunction and in support thereof would show the following:

**INTRODUCTION AND BACKGROUND**

The U.S. Intelligence community publishes an Annual Threat Assessment every year. The 2025 Assessment is quoted by the Texas Legislature in its findings supporting enactment of certain real estate prohibitions in Senate Bill 17 (SB 17). Tex. S.B.17, 89th Leg., R.S. (2025); *see* App. 1. The legislature explicitly found the governments of China, Russia, Iran, and North Korea to be a threat to the interests of Texas and its citizens. Texas thus exercised its police powers with regard to real property transactions so that these government adversaries cannot gain a foothold on Texas soil. In doing so, SB 17 also prohibits agents of these governments and members of their ruling political parties from purchasing or leasing Texas land.

Plaintiffs state that they are not agents of the Chinese government and that they are not members of its ruling communist party. Instead, they are all three living and working in Texas with lawful presence and fully intend to keep doing so. Texas is not attempting in any

1

way to interfere with these plaintiffs' continued residence in the state including the ability to buy and lease real property.

Nonetheless, even if other plaintiffs were found that are actually prohibited from such real estate transactions, SB 17 would not be subject to preliminary injunction because it is a proper rational exercise of Texas' police power in a non-discriminatory facially neutral manner that does not conflict with any provision of Federal law and does not infringe upon anyone's right to equal protection under the U.S. Constitution.

## ARGUMENT AND AUTHORITIES

To be entitled to the extraordinary remedy of a preliminary injunction plaintiffs must show a substantial likelihood of prevailing on the merits, a substantial threat of irreparable injury, the threatened injury outweighs the harm to the nonmovant if the injunction is granted and the injunction will not disserve the public interest. *Ridgely v. FEMA*, 512 F3d 727, 734 (5th Cir. 2008). In this case, plaintiffs are completely uninjured and are even left unaffected in any way by the terms of SB 17 passed by the Texas legislature earlier this year. In addition, plaintiffs are not likely to prevail on the merits because in passing SB 17, Texas acted rationally to protect its legitimate state interest in keeping problematic nation states from purchasing or leasing the state's real property.

**A. No Injury**

As shown in defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim on Which Relief may be Granted, the three named plaintiffs are domiciled in Texas lawfully and are thus not in the category of persons and entities prohibited from real estate transactions by SB 17. *See* Tex. Prop Code § 2.252, 2.253(4). These plaintiffs are not injured, have no legal standing and therefore have no right to have SB 17 enjoined.

B. **No likelihood of Prevailing on the Merits**

Even if other plaintiffs were named who are actually prohibited from real estate transactions in Texas by SB 17, for the reasons given in defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim on Which Relief may be Granted, Plaintiffs have not shown federal preemption nor have they shown a proper Fourteenth Amendment equal protection claim. Any plaintiffs found would have no likelihood of prevailing on the merits of the claims pled by plaintiffs.

Florida passed a law very similar to SB 17 that has been challenged on virtually the same grounds as this one. The district court in Florida denied a preliminary injunction finding that plaintiffs were unlikely to prevail on the merits of any of their claims. *Shen v. Simpson*, 687 F.Supp.3d 1219 (N.D. Fla 2023). That decision is currently on appeal. The appellate court did issue a partial injunction pending appeal as to only two individual plaintiffs (out of four individuals and one company) finding that plaintiffs may prevail on their FIRRMA preemption claim. *Shen v. Comm'r*, No. 23-12737, 2024 U.S. App. LEXIS 2346 (11th Cir. 2024); *see* App. 2, ECF No. 59 at 3. As of now, there has been no final decision at the appellate level.

The Florida district court's description of the law before it is that it "limits landownership rights of certain noncitizens domiciled in China or other specific countries." *Shen* at 1228–29. The court found that the U.S. Supreme Court's *Terrace* cases remain good precedent for the proposition that states have the right to regulate purchase and lease of their own real property as long as they have a rational basis for doing so. Because the Florida law does not facially discriminate against persons based on race or ancestry, rational basis scrutiny was sufficient and Florida had a rational basis for the law. *Shen* at 1236 Therefore, there was no likelihood of success on Plaintiffs' equal protection claim.

Likewise, here in Texas, SB 17 is facially neutral and does not discriminate against persons based on race or ancestry. Many persons with ancestry in China, Iran, Russia and North Korea are not affected by SB 17 including the three named plaintiffs in this case. SB 17 therefore is not subject to strict scrutiny and is not arbitrary and capricious. It is a rational attempt to protect Texas and its property from recognized national security threats.

**C. The Plaintiffs' equal protection claim is not likely to succeed on the merits.**

The Florida court found that the law before it was not preempted by the Fair Housing Act (FHA). *Shen*, 687 F. Supp. 3d at 1243–44. As in the equal protection claim, the problem with Plaintiffs' argument is that the law "does not make any classification based on 'race, color, religion, sex, familial status, or national origin'. It instead classifies based on alienage, citizenship, and lawful-permanent resident status—none of which are covered by the FHA." *Id.*

Likewise, SB 17 does not run afoul of the FHA. It classifies potential individual real property purchasers and lessors by citizenship, party membership, domicile, alienage and lawful permanent status. Tex. Prop. Code §§ 2.252, 2.253. None of these classifications are preempted or prohibited by the FHA.

**D. Plaintiffs are not likely to prevail on the merits of their FHA preemption claim.**

The Florida court distinguished between state laws impacting foreign commerce as preempted by federal law, but laws such as the one before it were based in security and not attempting to apply pressure on the designated countries. *Shen*, 687 F. Supp. 3d at 1249. Both the federal CFIUS regime supported by FIRRMA and the Florida law before the court did not have as their "thrust" to "exert diplomatic pressure," but instead to secure their citizens. *Id.* There was no conflict between the two regimes and no federal preemption by FIRRMA. *Id* at 1250.

4

Likewise, the Texas legislature states that its intention is to secure itself and its residents from the national security threats posed by the designated countries. SB 17 Section 1. There is no indication in the statutory language or the legislative history that there was any desire by Texas to influence the conduct of the governments of the designated countries. There is no impingement on the foreign policy realm of the federal government. In addition, the provisions of SB 17 and those of FIRRMA can both be exercised fully without ever coming into conflict. Plaintiffs are not likely to prevail on the merits of their FIRRMA preemption claim.

### E. Other PI factors not met

The remaining two factors required in order to prevail in a motion for preliminary injunction are that the threatened injury outweighs the harm to the nonmovant if the injunction is granted and the injunction will not disserve the public interest. *Ridgely,* 512 F3d at 734. Neither of these factors has been presented by plaintiffs in their motion. In addition, there is no injury threatened to the plaintiffs by SB 17 for the reasons stated above an no injury would outweigh the damage to Texas if it is not allowed to implement its law. Likewise, the injunction requested is against the public interest. The public has an interest in insuring that hostile foreign governments cannot move in next door. Preventing the implementation of this law would increase the possibility of this occurrence.

## CONCLUSION

For all the reasons stated in Defendant's Motion to Dismiss and this response to the Motion for Preliminary Injunction, Plaintiffs' claims should be dismissed and this court should deny the requested injunction.

| | |
|---|---|
| Date: July 30, 2025 | Respectfully submitted, |
| K<small>EN</small> P<small>AXTON</small><br>Attorney General of Texas | /s/ Keith Ingram<br>B<small>RIAN</small> K<small>EITH</small> I<small>NGRAM</small><br>Special Counsel<br>Texas State Bar No. 00787746<br>SDTX No. 196534<br>Keith.Ingram@oag.texas.gov |
| B<small>RENT</small> W<small>EBSTER</small><br>First Assistant Attorney General | |
| R<small>ALPH</small> M<small>OLINA</small><br>Deputy First Assistant Attorney General | |
| R<small>YAN</small> W<small>ALTERS</small><br>Deputy Attorney General for Legal Strategy | S<small>TEVEN</small> L<small>OOMIS</small><br>Special Counsel<br>Texas State Bar No. 00793177<br>SDTX No. 3326947<br>Steven.Loomis@oag.texas.gov |
| R<small>YAN</small> G. K<small>ERCHER</small><br>Chief, Special Litigation Division | |
| O<small>FFICE OF</small> T<small>EXAS</small> A<small>TTORNEY</small> G<small>ENERAL</small><br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Telephone: (512) 463-2100 | C<small>OUNSEL FOR</small> D<small>EFENDANTS</small> |

### C<small>ERTIFICATE OF</small> C<small>OMPLIANCE</small>

This reply complies with the Local Rules and Court Procedures of the Honorable Charles R. Eskridge III because it contains 1,396 words, and has been prepared in a proportionally double-spaced typeface (13-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Keith Ingram
Brian Keith Ingram
Special Counsel

## Certificate of Service

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on July 30, 2025, a true and correct copy of the above and foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

| | |
|---|---|
| JUSTIN SADOWSKY<br>SDTX 3713277<br>VA Bar No. 73382<br>CHINESE AMERICAN LEGAL DEFENSE ALLIANCE<br>4250 N. Fairfax Drive #600<br>Arlington, VA 22203<br>Telephone: (646) 785-9154<br>justins@caldausa.org | KELIANG (CLAY) ZHU<br>CA Bar No 178170<br>ANDRE Y. BATES<br>CA Bar No 305509<br>CHINESE AMERICAN LEGAL DEFENSE ALLIANCE<br>7901 Stoneridge Drive #208<br>Pleasanton, CA 94588<br>Telephone: (925) 399-6702<br>czhu@dehengsv.com<br>aybates@dehengsv.com<br><br>*/s/ Keith Ingram*<br>Brian Keith Ingram<br>Special Counsel |