IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENG WANG, QINLIN LI, and YISI WANG | § § § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 4:25-cv-3103 |
| v. | § | |
| KEN PAXTON, Attorney General Texas, in his Official Capacity, only. | § § § | |
| *Defendant*. | § | |

## DEFENDANT'S RESPONSE TO MOTION FOR CLASS CERTIFICATION

Defendant, Ken Paxton, in his official capacity as Attorney General of Texas (Paxton), files this Response to Motion Class Certification and in support thereof would show the following:

### INTRODUCTION AND BACKGROUND

The U.S. Intelligence community publishes an Annual Threat Assessment every year. The 2025 Assessment is quoted by the Texas Legislature in its findings supporting enactment of certain real estate prohibitions in Senate Bill 17 (SB 17). Tex. S.B.17, 89th Leg., R.S. (2025). The legislature explicitly found the governments of China, Russia, Iran, and North Korea to be a threat to the national interest and to the interests of Texas and its citizens. Texas thus exercised its police powers with regard to real property transactions so that these government adversaries cannot gain a foothold on Texas soil. In doing so, it also prohibits agents of these governments and members of their ruling political parties from purchasing or leasing Texas land.

Plaintiffs state that they are not agents of the Chinese government and that they are not members of its ruling communist party. Instead, they are all three living and working in Texas with lawful presence and fully intend to keep doing so. Texas is not

attempting in any way to interfere with these plaintiffs' continued residence in the state including the ability to buy and lease real property.

Nonetheless, these three individuals claim that they are typical representatives of the governments and their agents, ruling political parties, corporations and indeed all citizens of China, Russia, Iran and North Korea.

These plaintiffs are not typical of all citizens of the designated countries and their corporations. In addition, the central fact question of where an individual class member is domiciled will be unique to every individual member of the proposed class. Class certification is inappropriate in this case because there is no common question of fact on a central dispositive issue and these individual plaintiffs are not typical of all members of the proposed class.

## ARGUMENT AND AUTHORITIES

### A. A core fact issue cannot be common to the class.

A central question for individuals possibly covered by SB 17 is where they are domiciled. Tex. Prop. Code Sections 5.252 and 5.253. The determination of domicile contains both objective and subjective elements. "'Domicile' means having established a place as an individual's true, fixed, and permanent home and principal residence to which the individual intends to return whenever absent." Tex. Prop. Code Section 5.251(4).

Facts regarding the "place" of the person's "true home" and whether or not the person "intends to return" there when they are absent must be individually ascertained for each person who claims to be prohibited from real property purchases in Texas by SB 17. Some persons in Texas on student visas fully intend to return to their home country when they complete their studies and others intend to remain in Texas. Some persons may temporarily reside in a designated country, but consider it a temporary absence from their "true home" in Texas to which they "intend to return" after their absence.

The place of the person's actual domicile controls whether or not they can purchase or lease property in Texas under SB 17. Tex. Prop. Code 5.253(4). In addition, there will have to be individual fact determinations regarding corporate headquarters location, ownership and location of owners for any proposed corporate purchase or lease within Texas. Id at 5.253(2).

The necessary facts on a central element will vary tremendously from person to person and company to company, and thus there is not sufficient commonality. Fed. R. Civ. Pro. 23(a)(2).

**B. No typicality**

The purpose of SB 17 is to prevent hostile foreign nations from encroaching on Texas' real property in order to further their campaigns against our homeland. The law thus bars those governments and their agents from buying or leasing real estate within Texas. Tex. Prop. Code Sect. 5.253. In addition, in order to insure that the law's purpose is met, persons who are citizens of the designated countries domiciled within those countries or a third country to which they have not become a naturalized citizen, corporations headquartered within the designated countries including corporations headquartered elsewhere but whose majority ownership is within a designated country, and members of the ruling political party of a designated country all are prohibited from buying or leasing real estate within Texas. *Id*.

Plaintiffs fall within none of these categories. And in fact SB 17 contains an exception from its provisions specifically for persons like plaintiffs. It says in section 5.253(4) that an individual domiciled in a designated country may not enter into a prohibited transaction unless they are lawfully present within the U.S. and then they may purchase a residence homestead.

Importantly, the law says nothing whatsoever about persons domiciled within the U.S. who are lawfully present on a temporary visa. When you consider the purpose of SB 17 to prevent active adversaries from prohibited transactions, this lack of mention of persons like plaintiffs makes sense. There is no state interest in preventing persons who are legally living in Texas as their true home and who possess the desire to continue living and working in Texas in the future from purchasing or leasing real estate. These persons are no threat to the security of Texas or Texans. They are welcome to settle here. Nothing in SB 17 is to the contrary.

These plaintiffs do not have any claim against SB 17 at all, and certainly do not have any claims against SB 17 that would be typical of those persons domiciled in China or those companies headquartered in Russia. There is no meeting of the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).

## Conclusion

For all the reasons stated in Defendant's Motion to Dismiss and this response to the Motion for Class Certification, Plaintiffs' claims should be dismissed and this court should deny the requested certification of the class and subclasses proposed by Plaintiffs.

| | |
|---|---|
| Date: July 30, 2025 | Respectfully submitted, |
| KEN PAXTON<br>Attorney General of Texas | /s/ Keith Ingram<br>BRIAN KEITH INGRAM<br>Special Counsel<br>Texas State Bar No. 00787746<br>SDTX No. 196534<br>Keith.Ingram@oag.texas.gov |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| RALPH MOLINA<br>Deputy First Assistant Attorney General | |
| RYAN WALTERS<br>Deputy Attorney General for Legal Strategy | STEVEN LOOMIS<br>Special Counsel<br>Texas State Bar No. 00793177<br>SDTX No. 3326947<br>Steven.Loomis@oag.texas.gov |
| RYAN G. KERCHER<br>Chief, Special Litigation Division | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Telephone: (512) 463-2100<br>COUNSEL FOR DEFENDANTS |

## CERTIFICATE OF COMPLIANCE

This motion complies with the Local Rules and Court Procedures of the Honorable Charles R. Eskridge III because it contains 981 words, and has been prepared in a proportionally double-spaced typeface (13-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Keith Ingram
BRIAN KEITH INGRAM
Special Counsel

CERTIFICATE OF SERVICE

  Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on July 30, 2025, a true and correct copy of the above and foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

| | |
|---|---|
| Justin Sadowsky<br>SDTX 3713277<br>VA Bar 73382<br>CHINESE AMERICAN LEGAL DEFENSE ALLIANCE<br>4250 N. Fairfax Drive #600<br>Arlington, VA 22203<br>646-785-9154 (no fax number)<br>justins@caldausa.org | Keliang (Clay) Zhu<br>CA Bar No 178170<br>Andre Y. Bates<br>CA Bar No 305509<br>CHINESE AMERICAN LEGAL DEFENSE ALLIANCE<br>7901 Stoneridge Drive #208<br>Pleasanton, CA 94588<br>925-399-6702 (no fax number)<br>czhu@dehengsv.com<br>aybates@dehengsv.com |

*/s/ Keith Ingram*
BRIAN KEITH INGRAM
SPECIAL COUNSEL