United States District Court
Southern District of Texas
**ENTERED**
August 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENG WANG & QUINLIN LI, Plaintiffs, | § § § § § | CIVIL ACTION NO 4:25-cv-03103 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| KEN PAXTON, *Attorney General of Texas*, Defendant. | § § § § | |

ORDER DENYING
REQUEST FOR INJUNCTION PENDING APPEAL

The motion by Plaintiffs Peng Wang and Qinlin Li for an injunction pending appeal is denied for the reasons stated in the opinion and order that they have now taken on appeal. Dkt 41; see Dkts 39 (order) & 40 (notice).

Three points bear emphasis, which Plaintiffs appear to misunderstand in their motion.

*First,* the proper construction of SB 17 was determined upon consideration of the text of SB 17 and, more particularly, whether it "arguably proscribed" conduct intended by Plaintiffs, as required by *Institute for Free Speech v Johnson.* See 2025 WL 2104354, at *3 (5th Cir). The text of SB 17 was set out at length. Dkt 39 at 2–7. The analysis offered by both parties of that text was considered. Id at 15–16. SB 17 was then construed and found to be inapplicable to Plaintiffs based on the factual record presented. Id at 16–17.

Such determination was entirely independent from consideration of the concession made by the Attorney General with respect to any "substantial threat of future enforcement." See id at 17–18. That the Attorney General's

concession accords with his textual reading of SB 17 isn't surprising. In any event, it doesn't provide a basis upon which to call into doubt the *construction* now given SB 17 in the opinion and order, even if Plaintiffs believe the Attorney General somehow isn't bound by his *concession*. Dkt 41 at 2–3.

*Second,* ruling is maintained that Plaintiffs simply aren't "domiciled in a designated country," such as China, as pertinent to potential applicability of §5.253(4)(A). See Dkt 39 at 9–10 (summary of declarations), 16–17 (ruling). Plaintiffs submit nothing further to call into question this legal determination made on the basis of the factual record. See Dkt 41 at 3–4. It likewise isn't correct that the express definition of "domicile" in SB 17 "is no different than in other uses of the term under Texas law." See id at 3. It was addressed at hearing that the definition, while similar to others, is distinct. See Dkt 36 at 7:8–8:17.

*Third,* if Plaintiffs wished to litigate the aspects of SB 17 that potentially applied solely to themselves, they had the opportunity to do so. See Dkt 41 at 8–9. They did not. See Dkt 1 at ¶¶69, 74–75 (class definition), and at 27–28 (prayer for relief); see also Dkts 3 at 7–9 (motion for provisional class certification, asserting scope of commonality and typicality) & 4 at 20 (motion for preliminary injunction, requesting "entirety" of SB 17 be struck down). The breadth of the ruling was thus necessary. And it isn't appropriate to change litigation position on a substantive point once the pertinent order has been taken on appeal.

The other points raised by Plaintiffs forward arguments already considered and rejected. Dkt 41 at 4–8. But notably, ripeness wasn't expressly addressed, as suggested by Plaintiffs. Id at 7–8. Rather, it was observed that it overlaps in the stated respect with the analysis required as to standing. See Dkt 39 at 18–19.

The motion by Plaintiffs Peng Wang and Qinlin Li for an injunction pending appeal is DENIED. Dkt 41.

So ordered.

Signed on August 20, 2025, at Houston, Texas.

*CREskridge*
Hon. Charles Eskridge
United States District Judge